No. 3463.

MARGARET A. SILLIMAN *v.* SHORT & MARTIN and J. A. HALL.

Short & Martin, a commercial firm, executed their notes for the rent of a store. Shortly after, Short withdrew from the partnership, and John A. Hall became a member of the former firm of Short & Martin. The new firm carried on their business in the same store leased by Short & Martin. It is clear that Hall is not bound for the notes of Short & Martin, unless he assumed to pay their debt. This assumpsit can only be established by written evidence, and that evidence has not been furnished.

The sequestration of the personal property of Hall after it had been removed from the leased premises, for the payment of the debts of Short & Martin, was unauthorized. Whether the property seized had been removed from the leased premises, within fifteen days or not, is unimportant, inasmuch as the property did not belong to Short & Martin, the lessees.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Race, Foster & Merrick,* for plaintiff and appellee. *Bentinck Egan, A. Voorhies,* for John A. Hall, defendant and appellant.

LUDELING, C, J. Short & Martin, a commercial firm, executed their notes for the rent of a store. These notes were acquired in due course of business by the plaintiff. Shortly after the lease of the premises, Short withdrew from the partnership, and John A. Hall became a mem-

ber of the firm of Hall & Martin, who carried on their business in the same store leased by Short & Martin. This suit is against Short & Martin, and John A. Hall on said rent notes. There was judgment against all the defendants and J. A. Hall has appealed. It is clear that Hall is not bound for the notes of Short & Martin unless he assumed to pay their debt. This assumption can only be established by written evidence. Act of 1858, sec. 3, p. 148.

There is no written evidence of the assumption of the debt by Hall. The sequestration of the personal property of Hall, after it had been removed from the leased premises, for the payment of the debt of Short & Martin, was unauthorized. Whether the property seized had been removed from the leased premises within fifteen days or not, is unimportant, inasmuch as the property did not belong to Short & Martin, the lessees.

The right of pledge, which is given to the lessor, and which may be enforced by him by seizing the objects subject to it within fifteen days after they are taken away, can only be exercised, when they "continue to be the property of the lessee." C. C. 2709.

It is therefore ordered and adjudged, that the judgment of the lower court against John A. Hall, be reversed and that there be judgment in his favor and against the plaintiff, rejecting her demand against him with costs in both courts.